JONATHAN H. COLMAN (SBN 93652)
JOHN K. FLOCK (SBN 200183)
LAUREN B. KUTZ (SBN 250718)
COLMAN PERKINS LAW GROUP
500 North Brand Boulevard, Suite 2200
Glendale, California 91203
TELEPHONE (818)546-8686
FACSIMILE  (818)546-8787

Attorneys for Defendants
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANT SAFARYAN,<br><br>          Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 to 50, inclusive,<br><br>          Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTILTED COURT:

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and sets forth in support of its Notice of Removal of Action the following:

**Complete Diversity Exists**

1.     This Notice of Removal is based in part, upon 28 U.S.C. § 1441(a) that states: "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. District courts have original have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

3. Plaintiff, Shant Safaryan is a citizen of the state of California.

4. Defendant, Costco Wholesale Corporation was, at the time of the filing of this action, and still is, a citizen of the state of Washington. Defendant is a Washington corporation with its headquarters and principal place of business in Washington.

5. Therefore, diversity of citizenship exists for purposes of removal of the state court action to this district court.

**Amount in Controversy Exceeds $75,000**

6. Plaintiff's Complaint alleges two causes of action for negligence and premises liability against Defendant. (*See* Plaintiff's Complaint, Case No. 22STCV07296, Superior Court of California, County of Los Angeles, page 3, attached as Exhibit A.)

7. On February 6, 2021, Plaintiff alleges that he slipped and fell while visiting Defendant's store located at 13550 Paxton Street, California and sustained personal injuries. Plaintiff alleges Defendant negligently and carelessly owned, operated, managed, and supervised its employees so as to allow a dangerous condition to exist that resulted in Plaintiff's alleged injuries. (*See* Plaintiff's Complaint, Case No. 22STCV07296, Superior Court of California, County of Los Angeles, page 4, attached as Exhibit A.)

8. Plaintiff alleges he has suffered general damages, medical and incidental expenses, other special and incidental damages, loss of earnings, and loss

of earning capacity. (*See* Plaintiffs' Complaint, Case No. 30-2021-01228600-CU-PO-CJC, Superior Court of California, County of Orange, pages 3, attached as Exhibit A.)

9. On October 7, 2021, Plaintiff's counsel served Defendant with a Premises Liability Bodily Injury Claim ("Demand Letter") in which he explained that Plaintiff had sustained "significant bodily injuries," discussed his medical care, itemized his damages, produced his medical records, and made a demand in the amount of $1,000,000.00.  (*See* Plaintiff's Demand Letter dated October 7, 2021 without exhibits, attached as Exhibit B.)

10. The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable." 28 USC § 1446(b)(3).  A demand letter qualified as an "other paper." Huffman v. Saul Holdings Ltd. Partnership (10th Cir. 1999) 194 F3d 1072.  A settlement demand is relevant evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc. (9th Cir. 2002) 281 F3d 837, 840; Lowery v. Alabama Power Co. (11th Cir. 2007) 483 F3d 1184, 1213, fn. 62.

11. Therefore, Plaintiff alleges damages that far exceed the minimum amount in controversy requirements for purposes of removal of the state court action to this district court.

**Notice of Removal Is Timely**

12. On February 28, 2022, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, as case no. 22STCV07296. (*See* Plaintiff's Complaint attached hereto as Exhibit A.)

13. On April 1, 2022, Plaintiff served the Summons and Complaint on Defendant through its registered agent, C T Corporation System.

14. This Notice of Removal is being filed within thirty (30) days after Defendant received Plaintiff's initial pleading.  28 U.S.C. § 1446(b).

**Other Requirements for Removal Are Met**

15. Removal of this lawsuit to the United States District Court for the Central District of California, Western Division is proper as the Superior Court of the State of California, County of Los Angeles, where the action was originally filed, is located in this district.

16. Defendant is simultaneously filing a Notice of Removal to Federal Court with the Superior Court of the State of California, County of Los Angeles, and it has given notice and served this pleading on Plaintiff. (A true and correct copy of the Notice of Removal to Federal Court filed with the Superior Court is attached hereto as Exhibit C.)

**Demand for Jury Trial**

17. Separate and apart from removal requirements, counsel for Defendant demands a jury trial.

Dated: April 8, 2022            COLMAN PERKINS LAW GROUP

BY: _____
    JONATHAN H. COLMAN
    JOHN K. FLOCK
    LAUREN B. KUTZ
    Attorneys for Defendants
    COSTCO WHOLESALE CORPORATION

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2022 03:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo, Deputy Clerk
Case 2:22-cv-02412-DMG-MAR   Document 1-3   Filed 04/11/22   Page 6 of 20   Page ID #:6
22STCV07296

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Audra Mori

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| HAIK BELORYAN, ESQ. #265667<br>BELORYAN & MANUKYAN LLP<br>4730 WOODMAN AVE., SUITE 405<br>SHERMAN OAKS, CA 91423<br>TELEPHONE NO: (818)387-6428   FAX NO (Optional): (818)387-6893<br>E-MAIL ADDRESS (Optional): LITIGATION@BMSLLP.COM<br>ATTORNEY FOR (Name): PLAINTIFF, SHANT SAFARYAN | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 312 N. Spring Street<br>MAILING ADDRESS: 312 N. Spring Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Spring Street Courthouse | |
| PLAINTIFF: SHANT SAFARYAN<br><br>DEFENDANT: COSTCO WHOLESALE CORPORATION, a Washington corporation; and<br>[✓] DOES 1 TO 50, Inclusive | |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED (Number):<br>Type (check all that apply):<br>[ ] MOTOR VEHICLE   [✓] OTHER (specify): PREMISES LIABILITY<br>[ ] Property Damage   [ ] Wrongful Death<br>[✓] Personal Injury   [✓] Other Damages (specify): Incidental | |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded   [ ] does not exceed $10,000<br>                  [ ] exceeds $10,000, but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>   [ ] from limited to unlimited<br>   [ ] from unlimited to limited | CASE NUMBER<br><br>22STCV07296 |

1. **Plaintiff** (name or names): SHANT SAFARYAN
   alleges causes of action against **defendant** (name or names):
   COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 to 50, Inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

9

PLD-PI-001

| SHORT TITLE: Shant Safaryan v. Costco Wholesale Corporation; et. al. | CASE NUMBER |
|---|---|

4. ☐ Plaintiff *(name):*
    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
    a. ☑ **except** defendant *(name):* Costco Wholesale Corp.  c. ☐ **except** defendant *(name):*
        (1) ☐ a business organization, form unknown              (1) ☐ a business organization, form unknown
        (2) ☑ a corporation                                       (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*              (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*                       (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*                                   (5) ☐ other *(specify):*

    b. ☐ **except** defendant *(name):*                         d. ☐ **except** defendant *(name):*
        (1) ☐ a business organization, form unknown              (1) ☐ a business organization, form unknown
        (2) ☐ a corporation                                       (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*              (3) ☐ an unincorporated entity *(describe):*

        (4) ☐ a public entity *(describe):*                       (4) ☐ a public entity *(describe):*

        (5) ☐ other *(specify):*                                   (5) ☐ other *(specify):*

    ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
    a. ☑ Doe defendants *(specify Doe numbers):* 1-25, Inclusive _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
    b. ☑ Doe defendants *(specify Doe numbers):* 26-50, Inclusive _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
    a. ☐ at least one defendant now resides in its jurisdictional area.
    b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
    c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
    d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
    a. ☐ has complied with applicable claims statutes, **or**
    b. ☐ is excused from complying because *(specify):*

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 2 of 3

10

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Shant Safaryan v. Costco Wholesale Corporation; et. al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
  a. ☐ Motor Vehicle
  b. ✓ General Negligence
  c. ☐ Intentional Tort
  d. ☐ Products Liability
  e. ✓ Premises Liability
  f. ☐ Other *(specify)*:

11. Plaintiff has suffered
  a. ✓ wage loss
  b. ☐ loss of use of property
  c. ✓ hospital and medical expenses
  d. ✓ general damage
  e. ☐ property damage
  f. ✓ loss of earning capacity
  g. ✓ other damage *(specify)*:
       Incidental Damages

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
  a. ☐ listed in Attachment 12.
  b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. (1) ✓ compensatory damages
     (2) ☐ punitive damages
     The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
     (1) ✓ according to proof
     (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: February 28, 2022

Haik Beloryan. Esq.
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev January 1, 2007]     COMPLAINT—Personal Injury, Property Damage, Wrongful Death     Page 3 of 3

11

PLD-PI-001(2)

| SHORT TITLE: Shant Safaryan v. Costco Wholesale Corporation; et. al. | CASE NUMBER: |
|---|---|

FIRST _____ **CAUSE OF ACTION—General Negligence**   Page ___4___
  (number)

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   SHANT SAFARYAN

  alleges that defendant *(name)*:   COSTCO WHOLESALE CORPORATION, a Washington corporation; and

  [✓] Does   1   to   50, Inclusive

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:  February 6, 2021
at *(place)*:  Costco store located at 13550 Paxton St. Pacoima, CA 91331

*(description of reasons for liability)*:

Defendant, COSTCO WHOLESALE CORPORATION, a Washington corporation, owe a duty of care to its patrons, to use reasonable care in assuring that its store's premises are safe for use by its patrons. Defendant, COSTCO WHOLESALE CORPORATION, a Washington corporation and DOES 1 to 50, Inclusive, negligently and carelessly, owned, operated, managed, maintained, supervised and/or trained its employees so as to allow a dangerous condition, namely a slippery substance to persist on the floor of the store's public walkways for more than a reasonable amount of time necessary to cure the hazardous condition. The location where the substance persisted was at or near the aisle with the sparkling water within the Defendant's premises and under Defendant's control, maintenance, ownership, and/or supervision. By allowing such hazardous condition to persist on the aforementioned public walkways, Defendant, COSTCO WHOLESALE CORPORATION, a Washington corporation and DOES 1 to 50, Inclusive's negligence caused Plaintiff, SHANT SAFARYAN, to slip and fall and sustain significant bodily injuries, medical bills, and pain and suffering while shopping at Defendant's store.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

12

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Shant Safaryan v. Costco Wholesale Corporation; et. al. | |

Second _____ CAUSE OF ACTION—**Premises Liability**     Page ___5___
   (number)

ATTACHMENT TO    [✓] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name)*: SHANT SAFARYAN
    alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
    On *(date)*: February 6, 2021     plaintiff was injured on the following premises in the following
    fashion *(description of premises and circumstances of injury)*:

    By allowing a dangerous condition namely a slippery substance to persist on the floor of its public walkways past a reasonable amount of time and not warning its patrons of this hazardous condition that existed therein, Defendant, COSTCO WHOLESALE CORPORATION, breached their duty of care owed to Plaintiff, SHAT SAFARYAN. Defendant's breach of duty of care proximately and factually caused Plaintiff to slip and fall thereby sustaining bodily injuries, medical bills, and general pain and suffering.

Prem.L-2.    [✓] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:
    COSTCO WHOLESALE CORPORATION, a Washington corporation; and

    [✓] Does __1__ to __50, Inclusive__

Prem.L-3.    [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*:

    [ ] Does _____ to _____
    Plaintiff, a recreational user, was   [ ] an invited guest   [ ] a paying guest.

Prem.L-4.    [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names)*:

    [ ] Does _____ to _____
    a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
    b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a.   [✓] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:

    [✓] Does __1__ to __50, Inclusive__
    b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
    [ ] described in attachment Prem.L-5.b [ ] as follows *(names)*:

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
CAUSE OF ACTION—Premises Liability
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

13

# EXHIBIT B

# BELORYAN & MANUKYAN LLP   *RM*

4730 WOODMAN AVENUE
SUITE 405
SHERMAN OAKS, CA 91423

(818) INJURY 8 | 465-8798
(818) 387-6893
PRELITIGATION@BMSLLP.COM



October 7, 2021

**SENT VIA FACSIMILE TO:** *(630) 932-9111*
**SENT PRIORITY MAIL TO:**
Costco Wholesale
P.O. Box 34331
Seattle, WA 98124

**RECEIVED**

**OCT 1 3 2021**

**Legal Dept**

Attn: Legal Department

### RE: PREMISES LIABILITY BODILY INJURY CLAIM

| | | |
|---|---|---|
| Our Client | : | Shant Safaryan |
| Your Insured | : | Costco Wholesale |
| Date of Loss | : | 02/06/2021 |
| Claim No. | : | 98686522F05148 |
| Incident Location | : | Costco Pacoima; Store No. 1071 |

To Whom It May Concern,

    Thank you for your patience in awaiting the medical records, reports, and itemized billing statements from all treating providers who treated Mr. Shant Safaryan for the injuries he sustained at Costco Wholesale on February 6, 2021. Mr. Safaryan sustained significant bodily injuries as a result of the above referenced loss. As a result of the impact, our client sustained bodily injuries causing him to seek treatment with the following medical providers:

1. *Sylmar Urgent Care & Clinica Medica.* Enclosed, please find the medical report. *(Exhibit A)*

2. *California Back & Pain Specialists.* Enclosed, please find the medical report and itemized statement in the amount of **$1,800.00.** *(Exhibit B)*

3. *Advanced Chiropractic & Rehab Center.* Enclosed, please find the medical report and itemized statement in the amount of **$5,172.00.** *(Exhibit C)*

4. *Encino Open MRI.* Enclosed, please find the medical report and itemized statement in the amount of **$4,400.00.** *(Exhibit D)*

5. *Glendale Diagnostic Imaging Network.* Enclosed, please find the medical report and itemized statement in the amount of **$2,000.00.** *(Exhibit E)*



9

After careful review of all the facts surrounding this case, we hereby make the following demands on behalf of our client, for full and final settlement of his bodily injury claim. These amounts shall be inclusive of any and all attorney fees, medical bills, and pain/suffering our client incurred as a result of the above referenced claim.

1. On behalf of Mr. Shant Safaryan, we hereby demand **$1,000,000.00.**

After careful consideration, we have determined that **15 business days** is adequate time for you to properly evaluate the above referenced claim and contact our office so that we may discuss full and final settlement of the above referenced claim. Therefore, if we do not hear from you within 15 days from the mailing of this demand letter, we will have no other choice but to seek other legal measures to ensure that our clients' rights are protected.

**In the unfortunate event that this matter is not resolved within the parameters set forth above, and to our clients' satisfaction, we will proceed forward with a jury trial and seek compensation for any and all excess judgment recovered.**

Please note that this demand is made with an express reservation of the legal and equitable rights of our clients. Please be advised that the contents of this letter, and any future communications regarding the settlement of this claim, shall be inadmissible pursuant to California Evidence Code Sections 1152 and 1154 for any purpose, including evidence at arbitration, deposition, trial or other proceedings.

Upon receipt of this demand package, please contact the undersigned at (818) 387-6428 to discuss a settlement of the above referenced claim.

Thank you for your kind consideration and anticipated cooperation in this matter.

Sincerely,

Ashot Manukyan, Esq.
*Encl. – Medical Specials*

10

# EXHIBIT C

JONATHAN H. COLMAN (SBN 93652)
JOHN K. FLOCK  (SBN 200183)
COLMAN PERKINS LAW GROUP
500 North Brand Boulevard, Suite 2200
Glendale, California 91203
TELEPHONE (818)546-8686
FACSIMILE   (818)546-8787

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES  - SPRING STREET COURTHOUSE**

| | |
|---|---|
| SHANT SAFARYAN,<br><br>        Plaintiffs,<br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 to 50, inclusive,<br><br>        Defendants. | Case No.: 22STCV07296<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br><br>Complaint Filed: 02/28/2022 |

TO PLAINTIFF SHANT SAFARYAN AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation ("Defendant") has filed a Notice of Removal of this action in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 1332, 1334, 1441, 1446, and 1452, and as otherwise provided by law.

A true and correct copy of said Notice of Removal is attached to this notice and incorporated herein by this reference as Exhibit "A", and is served and filed herewith.

/ / /

/ / /

/ / /

/ / /

1
**NOTICE OF REMOVAL TO FEDERAL COURT**

| | | |
|---|---|---|
| Dated: April 8, 2022 | | COLMAN PERKINS LAW GROUP |

BY: _____
JONATHAN H. COLMAN
JOHN K. FLOCK
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

*Re: Safaryan v. Corporation*
*Case No.: 22STCV07296*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Colman Perkins Law Group, 15615 Alton Parkway, Suite 370, Irvine, California 92618 in said County and State.

    On April 11, 2022, I served the foregoing document described as

**NOTICE OF REMOVAL TO FEDERAL COURT**

on the interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

/ /    **BY MAIL (C.C.P. §§ 1013(a)):** By placing the document listed above in a sealed envelope addressed to the parties set forth on the attached Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/X /    **ONLY BY ELECTRONIC TRANSMISSION:** Only by e-mailing the document(s) from cjacobsen@colmanlawgroup.com to the person(s) at the e-mail address(es) listed on the attached Service List. This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will not be sending physical mail as usual, and therefore will be using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy upon request only.

/X/    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. **(C.C.P. § 2015.5)**

/ /    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 11, 2022, at Irvine, California.

                                    */s/ Candice VanDeudekom*
                                    Candice VanDeudekom

# **SERVICE LIST**

*Re:   Safaryan v. Corporation*
*Case No.: 22STCV07296*

Haik Beloryan, Esq.
Beloryan & Manukyan, LLP
4730 Woodman Ave., Suite 405
Sherman Oaks, CA 91423
(818)387-6428 Phone
(818)387-6893 Fax
litigation@bmsllp.com
Attorney for Plaintiff

*Re: Safaryan v. Corporation*
*Case No.: 22STCV07296*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Colman Perkins Law Group, 15615 Alton Parkway, Suite 370, Irvine, California 92618 in said County and State.

On April 8, 2022, I served the foregoing document described as

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

on the interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

/ /  **BY MAIL (C.C.P. §§ 1013(a)):** By placing the document listed above in a sealed envelope addressed to the parties set forth on the attached Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/X /  **ONLY BY ELECTRONIC TRANSMISSION:** Only by e-mailing the document(s) from cjacobsen@colmanlawgroup.com to the person(s) at the e-mail address(es) listed on the attached Service List. This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will not be sending physical mail as usual, and therefore will be using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy upon request only.

/X/  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. **(C.C.P. § 2015.5)**

/ /  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 8, 2022, at Irvine, California.

Candice VanDeudekom

**SERVICE LIST**

*Re:  Safaryan v. Corporation*
*Case No.: 22STCV07296*

Haik Beloryan, Esq.
Beloryan & Manukyan, LLP
4730 Woodman Ave., Suite 405
Sherman Oaks, CA 91423
(818)387-6428 Phone
(818)387-6893 Fax
litigation@bmsllp.com
Attorney for Plaintiff